IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KRISTIN KANE KELLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al,<br><br>Respondents. | CV 16-14-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Kristen Kane Keller's "Motion to Vacate and Dismiss Charges" (Doc. 1). The substance of Keller's argument is that the trial court lacked jurisdiction to preside over his criminal case because the charges against him were not initiated by a grand jury indictment, in violation of his Fifth and Fourteenth Amendment rights. *Id*. The Court has construed this filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Keller is a state prisoner proceeding pro se.

I.  **Factual and Procedural Background**

This is Keller's second petition in this Court. He filed the first on June 26, 2015. *Keller v. Frink, et. al.*, No. CV 15-59-H-DLC (D. Mont. judgment entered

1

Jan. 26, 2016). In his first petition, Keller challenged his 2014 conviction by asserting an ineffective assistance of counsel claim against his trial attorney for allegedly failing to convey a plea offer. The Court dismissed the petition with prejudice as time barred and procedurally defaulted. *Id*. at 2.

Following the dismissal of his first federal habeas petition, Keller filed a Notice of Appeal with the Circuit. *Keller v. Frink, et. al.*, No. CV 15-59-H-DLC (Not. filed Feb. 8, 2016). The appeal is currently pending.

**Analysis**

This Court must dismiss any claim that was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). The Court must dismiss a new claim in a second or successive petition even if the claim was not presented in a prior habeas petition. 28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, Section 2244(b)(2)(A), or newly discovered facts that establish actual innocence, Section 2244(b)(2)(B). Even if a petitioner establishes a valid exception, he may not assert it for the first time in the district court. He must raise his grounds for making a second or successive petition before the Ninth Circuit in a motion for leave to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

the district court to consider the application.").

"[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010). In *Magwood*, the petitioner was resentenced following a conditional grant of habeas corpus. *Magwood*, 561 U.S. at 323. Magwood then filed an application for a writ of habeas corpus, challenging the new sentence that was again conditionally granted. *Id*. The Court of Appeals reversed, holding that Magwood's new challenge was an unreviewable "second or successive" petition. *Id*. The Supreme Court, reversing the circuit, held that because Magwood was challenging a new judgment for the first time it was not "second or successive" under § 2244(b). *Id*. at 342.

In *Hill v. State of Alaska*, the Circuit determined that the phrase "second or successive" was a term of art derived from the "abuse-of-the-writ" doctrine predating the Anti-Terrorism and Effective Death Penalty Act of 1996. *Hill v. State of Alaska,* 297 F. 3d 895, 897-98 (9th Cir. 2002). Hill had originally filed a habeas petition attacking his conviction and sentence; subsequently, he was denied parole and sought to challenge the denial in a second habeas petition. *Id*. at 987. The court held that just because "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.' " *Id*. at 898. The court, following other circuits, reasoned that "if the prisoner did

3

not have an opportunity to challenge the state's conduct in a prior petition," it should not be deemed second or successive. *Id*.

The claims that Keller makes in his current petition stem from the 2014 Lewis and Clark County conviction. Unlike the petitioners in *Magwood* and *Hill*, Keller continues to challenge the original judgment of conviction against him; there has been no amended judgment, revocation, or any intervening proceeding. Keller had the full opportunity to challenge his conviction and sentence in his prior federal habeas petition. The petition presently before this Court is a successive attack on the original 2014 conviction. Until Keller obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear Keller's claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed

4

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

The undersigned issues the following:

## Recommendations

1. Mr. Keller's Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Keller may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Keller must immediately notify the Court of any change in his mailing

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of February, 2016.

                                            /s/ John Johnston
                                            John Johnston
                                            United States Magistrate Judge