IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KRISTIN KANE KELLER, | CV 16–14–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, TIM FOX, | |
| Respondents. | |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this matter on February 19, 2016, recommending dismissal of what Judge Johnston construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Kristin Kane Keller's ("Keller"). Keller successfully moved for an extension of the deadline for filing objections to April 4, 2016, then timely filed objections thereafter. Thus, Keller is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed Keller's objections, the Court finds that he fails to articulate any specific issue with Judge Johnston's reasoning. Instead, Keller has filed what appears to be a notice of authority, wherein he calls attention to a 1994 Montana Supreme Court case involving the sufficiency of an affidavit in support of a criminal information. *See State v. David*, 880 P.2d 1308 (Mont. 1994). Keller's habeas petition—which Judge Johnston found to be a barred successive petition—focuses on the unconstitutionality of his 2014 conviction as a result of it originating with an information, as opposed to a grand jury indictment. Thus, to the extent his objection can even be construed as such, Keller merely rehashes his argument that the State of Montana's statutory criminal information procedure is unconstitutional. Accordingly, the Court reviews Judge Johnston's findings and

recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 2) are ADOPTED IN FULL. Keller's petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 22nd day of April, 2016.

Dana L. Christensen, Chief Judge
United States District Court